UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RAUL GARZA MARROQUIN, RAFAEL OLVERA AMEZCUA, and GIORGE GONZALEZ, | § § § § | |
| *Petitioners-Plaintiffs*, | § § § | |
| v. | § § | |
| JOSE GARCIA LONGORIA JR., Officer in Charge, Port Isabel Service Processing Center; MARIO GARCIA, Warden, Webb County Detention Center; JAVIER ALEMAN, Warden, Rio Grande Detention Center; DANIEL BIBLE, Field Office Director, San Antonio Field Office, U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Acting Director of U.S. Immigration and Customs Enforcement; CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security; and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 5:20-cv-00054** **MOTION FOR EXPEDITED DISCOVERY AND MEMORANDUM OF LAW** |
| *Respondents-Defendants*. | § § | |

## PETITIONERS' OPPOSED MOTION FOR EXPEDITED DISCOVERY AND MEMORANDUM OF LAW

Nationwide, Immigrations and Customs Enforcement ("ICE") has failed to report positive COVID-19 cases among contractors, failed to disclose the number of tests it is conducting for COVID-19 in its facilities, and even failed to disclose a detainee who contracted COVID-19 while detained. As a result, Petitioners and their counsel have no way of knowing if Petitioners are or have been in contact with persons who have tested positive for COVID-19. In light of Petitioners' underlying health conditions, this lack of information places Petitioners in

1

perpetual fear and at risk of contracting the deadly disease.  Further, Petitioners' counsel and this Court are left in the dark as to the speed at which Petitioners' claims must be adjudicated so Petitioners do not face imminent illness, injury or death.

Accordingly, Petitioners move under Federal Rule of Civil Procedure 26(d) for leave to conduct limited expedited discovery for the narrow purpose of serving a limited set of interrogatories on Defendants to acquire information on the number of persons infected with COVID-19 that could have contact with detainees, the methods and rate by which defendants are testing persons for COVID-19, and the number of current or past detainees who contracted COVID-19 while detained in any of Defendants' immigration detention facilities. Petitioners' proposed discovery requests are attached to this motion as Exhibit 1.

Petitioners also seek an order requiring Respondents to fully respond to Petitioners' discovery requests no later than 5:00 P.M., Monday, April 27, 2020, and to supplement their responses every seven (7) days.

## BACKGROUND

On March 11, 2020, the World Health Organization declared that the outbreak of COVID-19 had reached pandemic status.  The pandemic has infected over 580,000 people in the United States and over 14,000 people in Texas. COVID-19 has killed over 23,000 people in the United States in the past month, including over 300 Texans.  Although anyone can contract and be killed by COVID-19, older individuals, immunocompromised individuals, and people with certain chronic health conditions including diabetes, asthma, heart conditions, and lung disease are at greater risk of contracting severe cases of COVID 19.

Complications from COVID 19 can manifest at an alarming pace. Individuals can show the first symptoms of COVID-19 infection in as little as two days after exposure and seriously deteriorate in five days or sooner. People experiencing no symptoms can still spread COVID-19, making testing or seclusion of only those who are symptomatic an ineffective solution. The number of reported cases of COVID-19 infection in many parts of the country, including Cameron and Webb counties have shown a frightening and exponential increase.  Since the filing of this case, the number of confirmed COVID-19 cases in Webb County has increased 36% from 206 to 280 and the number of confirmed COVID-19 cases in Cameron County has increased 38% from 216 to 298.[1]

There is no vaccine or cure for COVID-19. Immigration detention facilities are "congregate environments" — places where people live and sleep in close proximity to each other. Infectious diseases that are communicated by air or touch are quickly spread in these confined settings. On February 25, 2020, Dr. Scott Allen and Dr. Josiah Rich, medical experts for the U.S. Department of Homeland Security ("DHS"), shared with DHS concerns about the specific risks to immigrant detainees as a result of COVID-19.[2]  These experts warned of the danger of rapid spread of coronavirus in immigration detention facilities.  Once COVID-19 is introduced under current conditions to the facilities at which Petitioners are detained, it will be impossible to stop the spread of the virus within the facility, where social distancing is

---

[1] Tex. Dep't of State Health Services, *"Texas Case Counts COVID-19: Coronavirus Disease 2019" available at*:
https://txdshs.maps.arcgis.com/apps/opsdashboard/index.html#/ed483ecd702b4298ab01e8b9cafc8b83 (accessed Apr. 20, 2020).
[2] Catherine E. Shoichet, *Doctors warn of 'tinderbox scenario' if coronavirus spreads in ICE detention*, CNN (Mar. 20, 2020),
https://www.cnn.com/2020/03/20/health/doctors-ice-detention-coronavirus/index.html.

unachievable. Each Petitioner is at heightened risk of severe illness from COVID-19 due to his age or chronic underlying health conditions.  Accordingly, Petitioners filed for habeas and injunctive relief, seeking their release to avoid contracting and being sickened or killed by COVID-19.

Petitioners are concerned that if COVID-19 has already been introduced to their facilities, then they are already in imminent risk of contracting the disease.  ICE has previously failed, and continues to fail, to make public the number of ICE detainees and workers in detention facilities who have tested positive for COVID-19.  The Miami Herald reported that ICE does not consider the people who run detention centers under contract with ICE to be ICE "staff," and therefore, ICE does not report when employees of its private contractors test positive for COVID-19.[3] However, 217 of the 222 ICE detention facilities in the country are run by private contractors, including the facilities at issue in this lawsuit.[4]

ICE spokespersons have stated that they are not obligated, and do not intend, to disclose which contractors' employees have contracted COVID-19 or have been tested for COVID-19.[5] ICE maintains that such information should be provided exclusively by the private contractors who work for ICE.[6]  ICE has already provided incomplete information about the presence of COVID-19 at PIDC to federal judges in other pending habeas corpus proceedings.[7]  ICE's

---

[3] Monique O. Madan, *ICE Refuses the say if its Contractors have COVID-19. A Federal Judge Just Ordered it to*, Miami Herald (Apr. 15, 2020),
https://www.miamiherald.com/news/local/immigration/article242022731.html.
[4] *Id.* Further, ICE also failed to disclose that a Florida detainee was sick with COVID-19 because at the time of publishing its numbers, ICE had already transferred that detainee to a third party hospital.  *Id.*
[5] *Id.*
[6] *Id.*
[7] *See* Exh. 2 (ECF Dkt. 45-Main, 45-1, Decl. of Dr. Maribel Cantu,  *Diallo v. Pitts et al.*, 1:19-cv-216 (S.D. Tex. Apr. 14, 2020)); Exh. 3 (ECF Dkt. 49, Petitioner's Suppl. Reply, *Diallo*

purposeful lack of transparency has already forced a federal judge in Florida to order ICE to disclose the number of employees, both contractors and ICE staff, in three South Florida detention centers that have tested positive for COVID-19.[8]

Petitioners seek this discovery to provide the Court with accurate information about the presence of COVID-19 in the three facilities in which Petitioners are detained. Petitioners have requested this information as a rule 19 stipulation of Respondents and Respondents declined to discuss discovery at this time. The motion is opposed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except when authorized by court order.[9]  Fed. R. Civ. P. 26(d).  District courts "enjoy[] wide discretion in determining the scope and effect of discovery," and will only be overruled if the discovery ruling was an abuse of discretion.  *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

"Although the Federal Rules do not provide a standard for the court to use in exercising its authority to order expedited discovery, it is generally accepted that courts use" either (1) the "preliminary-injunction-style analysis,"[10] or (2) the "good cause" standard.  *St. Louis Group, Inc. v. Metals and Additives Corp.*, Inc., 275 F.R.D. 236, 239 (S.D. Tex. 2011) (citations omitted).

---

*v. Pitts et al.*, 1:19-cv-216 (S.D. Tex. Apr. 15, 2020)); Exh. 4 (ECF Dkt. 50-Main, 50-1, Decl. of Jose Longoria,  *Diallo v. Pitts et al.*, 1:19-cv-216 (S.D. Tex. Apr. 16, 2020)).
[8] *Id.*
[9] Habeas corpus proceedings are exempt from the initial pre-trial conference requirement under Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(f)(1), 26(a)(1)(B)(3).
[10] Many courts have criticized a preliminary-injunction-type analysis. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) ("it seems that the intention of the [Federal Rules] was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent [preliminary-injunction-type] test").

District courts in the Fifth Circuit uniformly apply a "good cause" analysis when determining whether expedited discovery is warranted. *See, e.g.*, *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (Laredo Division) (applying good cause standard to determine need of litigant to expedited discovery); *Amos v. Taylor*, 2020 WL 618824, at *7 (N.D. Miss. Feb. 10, 2020) (same); *Accruent, LLC v. Short* 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (same); *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 62 (M.D. La. 2016) (same); *Energy Prod. Corp. v. Northfield Ins. Co.*, No. CIV.A. 10-0933, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010) (same); *Paul v. Aviva Life and Annuity Co.*, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009) (same); *Rodale, Inc. v. U.S. Preventive Med., Inc.*, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008).

"In a good cause analysis, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Amos*, 2020 WL 618824, at *7. *Accord Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 194 F.R.D. at 624). A court may find good cause where, under the totality of circumstances, the need for expedited discovery in consideration of the administration of justice outweighs the prejudice to the responding party. *Energy Prod. Corp. v. Northfield Ins. Co.*, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010); *Fimab–Finanziaria Maglificio Biellese Fratelli Fila, S.p.A. v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla.1983) (finding that immediate discovery "should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time") (citing *Gibson v. Bagas Restaurants*, 87 F.R.D. 60, 62 (W.D. Mo. 1980)).

## ARGUMENT

I.  **Good cause exists to grant expedited discovery, because the prejudice to Respondents is low, while the risk of harm to the Petitioners is a matter of life or death.**

In this case, Petitioners seek the limited requested discovery to learn more about the immediate risk to their health and whether, and on what schedule, they should seek a temporary restraining order.  Petitioners are concerned that the facilities where they are held already have a person with a confirmed case of COVID-19 that has interacted with detainees.  If that is true, Petitioners are at imminent and grave risk of infection and death, and must apply for a temporary restraining order immediately.  Further, Petitioners do not know this information without receiving expedited discovery, because ICE has already indicated that it will not provide information on the number of contractors who have tested positive for COVID-19, and ICE has previously failed to disclose when a detainee contracted COVID-19.[11]

This Court has previously held that good cause was shown, and therefore expedited discovery was warranted, when plaintiffs seek information that is time sensitive and the discovery is limited.  *Gutierrez v. Martinez*, No. CV L-12-18, 2012 WL 13149228, at *1 (S.D. Tex. Mar. 12, 2012) (Laredo Division).  In *Gutierrez*, the plaintiffs brought a civil rights law suit against U.S. marshals for alleged constitutional injuries against the plaintiffs that happened while the marshals were looking for the plaintiffs' parents.  *Id.* at *1.  Plaintiffs sought limited discovery, specifically, the names of several John Doe defendants and information to confirm that the plaintiffs had brought suit against the proper defendants.  *Id.*  Holding that the discovery

---

[11] Monique O. Madan, *ICE Refuses the say if its Contractors have COVID-19. A Federal Judge Just Ordered it to*, Miami Herald (Apr. 15, 2020), https://www.miamiherald.com/news/local/immigration/article242022731.html.

was warranted, Senior Judge Kazen noted that the information was important and time sensitive. *Id.* at *2. The statute of limitations on the claim was about to run in two months, and the information would ensure that the plaintiffs brought suit against the proper defendants, as well as all defendants. *Id.* Further, the failure to receive the information could cause the plaintiffs to lose one or all of their potential claims. *Id.*

For the same reasons, early and expedited discovery is appropriate here. Petitioners seek to propound a limited number of interrogatories related to the number of persons inside the facilities who have tested positive for COVID-19. Petitioners' discovery is carefully tailored to highly relevant information. This limited request cannot prejudice Respondents, and is similar to the limited information sought by the plaintiffs in *Gutierrez*.

Additionally, the proper administration of justice outweighs any prejudice Respondents could claim because the information Petitioners seek is also extremely time sensitive. More serious than the circumstances presented in *Gutierrez*, Petitioners here face not only the loss of their *claims*, they face the potential injury and death if they are not aware that COVID-19 has entered their respective facilities. Accordingly, this Court should grant Petitioners' request for expedited discovery.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request an order granting them leave to serve a narrow set of interrogatories on Respondents and requiring Respondents to respond fully no later than 5:00 P.M., Monday, April 27, 2020, and to supplement their responses every seven (7) days.

Dated: April 22, 2020                    Respectfully submitted,

**GARCÍA & GARCÍA ATTORNEYS**

**AT LAW, P.L.L.C.**
By:  */s/ Carlos Moctezuma Garcia*
Carlos Moctezuma García
*Attorney in Charge*
Texas Bar No. 24065265
SDTX Bar No. 1081768
P.O. Box 4545
McAllen, TX 78502
Phone: 956-630-3889
Facsimile: 956-630-3899
Email: cgarcia@garciagarcialaw.com
**Attorney for Petitioner Raul Garza Marroquin**

**TEXAS CIVIL RIGHTS PROJECT**
By:  */s/ Efrén C. Olivares*
Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
Email: efren@texascivilrightsproject.org
Carolyn O'Connor*
CT State Bar No. 441082
Email: carrie@texascivilrightsproject.org
Andrew Udelsman
NY State Bar No. 5612544
SDTX Bar No. 3467581
Email: andy@texascivilrightsproject.org
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121
**Attorneys for Petitioner Raul Garza Marroquin**

**TEXAS RIOGRANDE LEGAL AID, INC.**
By:  */s/ Peter McGraw*
Peter McGraw
State Bar No. 24081036
S.D. Tex. No. 2148236
Email: pmcgraw@trla.org
Rebecca Sheff
State Bar No. 24113476
S.D. Tex. No. 3428184
Email: rsheff@trla.org
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410

*Attorneys for Petitioner Giorge Gonzalez*

**LAW OFFICE OF JAVIER N. MALDONADO, PC**
By: */s/ Javier N. Maldonado*
Javier N. Maldonado
Tex. Bar No. 00794216
Fed. Adm. No. 20113
8620 N. New Braunfels, Ste. 6-5
San Antonio, Texas 78217
Tel.: (210) 277-1603
Fax: (210) 587-4001
Email: jmaldonado.law@gmail.com
*Attorney for Petitioner Rafael Olvera Amezcua*

**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**
By: */s/ Nina Perales*
Nina Perales
Tex. Bar No. 24005046
SD of Tex. No. 21127
Email: nperales@maldef.org
Daniel Hatoum**
State Bar No. 24099136
Email: dhatoum@maldef.org
Fátima Menéndez**
State Bar No. 24090260
Email: fmenendez@maldef.org
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
*Attorneys for Petitioner Rafael Olvera Amezcua*

*Application to appear *pro hac vice* forthcoming
**Admitted *pro hac vice*

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on April 21, 2020 I spoke with Annalisa Cravens by telephone about Petitioners' motion and expedited discovery requests. On April 21, 2020, I sent an email to Ms. Cravens attaching Petitioners' discovery request, and asking the Respondents to reply to the request by Monday, April 27, 2020.  I also asked Ms. Cravens to inform me whether Respondents are opposed or unopposed to a motion seeking expedited discovery. On April 22, 2020, I received an email from Ms. Cravens, which said that Respondents would not discuss discovery at this time, because they had not yet been served with a copy of the complaint in compliance with the FRCP, but Respondents acknowledged that they were in receipt of the complaint and discovery requests. This motion is opposed.

*/s/ Peter McGraw*
Peter McGraw

## CERTIFICATE OF SERVICE

I certify that on this 22th day of April, 2020, I caused a copy of the Motion for Expedited Discovery and Memorandum of Law to be sent to all parties receiving CM/ECF notices in this case including directly to Annalisa Cravens via email.

s/Carlos Moctezuma Garcia
Carlos Moctezuma Garcia