<pre>
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                          LAREDO DIVISION
</pre>

| | | |
|---|---|---|
| Raul Garza Marroquin, *et al.*, | § | |
| | § | |
| Petitioners/Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 5:20-cv-54 |
| | § | |
| Jose Longoria, Jr., *et al.*, | § | |
| | § | |
| Respondents/Defendants. | § | |

## DEFENDANTS' OPPOSED MOTION TO SEVER AND TRANSFER
## RAUL GARZA MARROQUIN'S PETITION TO THE BROWNSVILLE DIVISION

Defendants respectfully move to sever and transfer the case of Raul Garza Marroquin (Garza) to the Brownsville Division because he is detained at the Port Isabel Detention Center (PIDC) located in that division. Garza's misjoinder here is a clear attempt to avoid the risk of litigating before Judge Rodriguez because he recently dismissed a habeas corpus petition based on concerns of COVID-19. *See Sacal-Micha v. Longoria*, 2020 WL 1815691 (S.D. Tex. Apr. 9, 2020); *see also Sacal-Micha v. Longoria*, 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020) (denying the petitioner's motion for a temporary restraining order).

### Background

Garza, a 77-year-old native of Mexico, has been in ICE custody since March 14, 2020. (Ex. 1 ¶ 2.) In that time, he has always been detained at the Port Isabel Detention Center in Los Fresnos, Texas. (*Id.* ¶¶ 2–3.) Garza concedes in his petition that he is at PIDC. (Dkt. 1 ¶ 5.)

Garza is removable because of his lengthy criminal history: he has four convictions for driving while intoxicated, the most recent from September 2015, as well as a March 2017 assault

conviction. (*See* Ex. 2 at 1–2 (charging Garza as removable under Section 212(a)(2)(B) of the INA because he has been convicted of two or more offenses for which the aggregate sentences were five years or more and summarizing the convictions).) He is subject to mandatory detention.

**Nature and Stage of the Proceedings**

Garza filed a habeas corpus petition in this Court on April 15, 2020, along with two other ICE detainees: Giorge Gonzalez who is detained at the Rio Grande Detention Center in Laredo, and Rafael Olvera Amezcua who is detained at the Webb County Detention Center, also in Laredo.

The U.S. Attorney's Office was served on April 23, 2020, and Defendants now respectfully move to sever and transfer Garza's case to be heard in the appropriate forum.

**Issue**

Whether Garza's petition challenging the conditions of his detention at the Port Isabel Detention Center in the Brownsville area should be severed and transferred to the Brownsville Division.

**Standard**

*Severance.* Federal Rule of Civil Procedure 20 allows permissive joinder of parties only where the proposed co-plaintiffs assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(1)(A). When a party is misjoined, the Court may sever that party. Fed. R. Civ. P. 21. District courts within the Fifth Circuit typically consider the following five factors in determining whether severance is appropriate: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate

claims." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014) (citing *Paragon Office Servs. LLC v. UnitedHealthcare Ins. Co., Inc.*, 2012 WL 4442368, at *1 (N.D. Tex. 2012)).

***Transfer.*** "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The same standard applies to inter-district and inter-division transfers. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). Venue should be transferred if "the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quotation marks omitted). "Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (citation omitted).

When these two inquiries are combined—when a court considers whether to sever and transfer a party's claims—the inquiry "collapse[s] into an inquiry into the relative merits of convenience versus judicial economy." *In re Rolls Royce Corp.*, 775 F.3d at 680. Defendants here offer both the separate and combined analysis.

**Argument**

I.      **Garza is misjoined and should be severed from the other Plaintiffs.**

The severance factors counsel in favor of severance here:

*First*, the Plaintiffs' claims do not arise out of the same transaction or occurrence. Plaintiffs are each detained in separate facilities. They each complain about the alleged conditions and potential for exposure to COVID-19 at their different detention centers—allegations that, by their very nature, cannot arise from the same transaction or occurrence. And, in the alternative, they each seek remedial measures requiring the different detention centers to "ameliorat[e] all conditions that prevent Petitioners from implementing the public health recommendations." (Dkt. 1 at Prayer for Relief.) The nuances and feasibility of any remedial measures will naturally vary by facility.

*Second*, although Plaintiffs' claims present common issues of law, they present distinct factual issues. For example, only at PIDC has any employee, contractor, or detainee tested positive for COVID-19. (Dkt. 1 ¶ 17.) Plaintiffs do not allege any occurrence of COVID-19 at the other facilities. Moreover, the detainee population, the conditions, and the supplies may vary at each facility.

*Third*, a concern for judicial economy is not enough to undermine severance here. ICE detainees all across the country are bringing cases seeking to be released because of concern for COVID-19. Judicial economy—when considered in isolation—would favor consolidating all of these actions to proceed before a single Judge. But local interests, the factual distinctions among the cases, and convenience to parties have dictated otherwise.

*Fourth*, prejudice would be avoided if severance were granted. It would be unreasonable to force ICE to litigate a case concerning PIDC more than 200 miles from the detention center. For

any in-person hearing or trial, the government would incur substantial expense to transfer Garza and cover the travel costs for any government witnesses. Garza, on the other hand, would not be prejudiced in the least by litigating in Brownsville. Garza and the other Plaintiffs are each represented by separate counsel. (*See* Dkt. 1 at 36–38.) Garza's counsel, Mr. Garcia and Mr. Olivares, both work in the McAllen area—they are much closer to Brownsville than to this Court. (*See id.* at 37.) And Garza himself is approximately ½ hour from the Brownsville courthouse.

*Fifth and finally*, all witnesses and all evidence concerning Garza's alleged medical conditions, his medical treatment, and the detention conditions at PIDC are located in Brownsville. None of these items of proof is at all relevant to the other Plaintiffs' cases, and their evidence is irrelevant to Garza's case.

## II. Garza's case should proceed in the Brownsville Division.

All of the applicable transfer factors[1] weigh in favor of Garza's petition proceeding in the Brownsville Division:

*First*, all of the sources of proof are located in the Brownsville Division where Garza is detained. His habeas corpus claim challenges the conditions of his confinement at PIDC, and he asks the Court to order that PIDC adopt certain measures to lessen the risk of COVID-19 spread.

*Second*, to the extent there may be any non-party witnesses in Garza's case—such as third-party contractors at PIDC—those witnesses are located in the Brownsville Division. PIDC is approximately 200 miles from this Court, outside of this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1)(A); *see also Hill v. Keliher*, 2019 WL 3837113, at *6 (S.D. Tex. 2019) ("Because the venue transfer analysis is concerned with convenience, and the transferee venue would be more

---

[1] The fifth and seventh factors enumerated by the Fifth Circuit—possible court congestion and conflict-of-law concerns—do not seem to apply here.

5

convenient for almost every Party and witness, and the transferee venue would hold subpoena power over witnesses for both depositions and trial, this factor weighs in favor of transfer.").

*Third*, all witnesses in Garza's case—including Garza himself—are located in the Brownsville Division. *See DeLacerda v. Dir., TDCJ*, 2006 WL 1720606, at *1 (E.D. Tex. 2006) ("Since Petitioner complains of a conviction which occurred in the Tyler Division and all records and witnesses involving this action may be located in the Tyler Division, the transfer of this action to such division would further justice."). Here, it would be inappropriate to compel the government to produce Garza and any witness in this Court more than 200 miles from where the witnesses are located. This is particularly true because the COVID-19 pandemic has led to travel restrictions across the region. The government would also incur substantial and unnecessary expense in transferring Garza and any witnesses for a hearing or trial.

*Fourth*, a trial would be much more practical in the Brownsville Division. Traveling more than 200 miles for a trial is particularly unreasonable when PIDC is located approximately ½ hour from the Brownsville Division courthouse. Moreover, Garza's counsel, Mr. Garcia and Mr. Olivares, both work in the McAllen area—they are much closer to Brownsville than to this Court.

*Fifth*, local interest supports transfer to the Brownsville Division. The Brownsville community has a much greater interest in the conditions at PIDC and any orders compelling the release of detainees held there.

*Sixth and finally*, the Brownsville Division is intimately familiar with the legal issues raised in Garza's petition. Garza asks for his release from PIDC because of the COVID-19 pandemic. While this Court is likewise familiar with the legal issues presented in Garza's petition (*see N.Z.M. v. Wolf*, No. 5:20-cv-24), similar cases involving PIDC are currently being or were recently

litigated before both Judges in the Brownsville Division. *See Sacal-Micha v. Longoria*, 2020 WL 1815691 (S.D. Tex. Apr. 9, 2020) (Rodriguez, J.) (dismissing habeas corpus and Fifth Amendment claims seeking release from PIDC because of concerns for COVID-19); *Diallo v. Pitts*, No. 1:19-cv-216, Dkt. 37 (S.D. Tex. Mar. 27, 2020) (bringing before Judge Olvera a temporary restraining order seeking immediate release from PIDC due to COVID-19 concerns).

Garza also asks, in the alternative, that the Court order that PIDC improve conditions of confinement. Just last year, a putative class action seeking release or improved conditions in Border Patrol detention facilities was litigated in the Brownsville Division. *See Rivera Rosa v. McAleenan*, 2019 WL 5191095 (S.D. Tex. 2019). The Brownsville Division is well equipped to analyze the legal issues presented in Garza's petition.

\*   \*   \*

It would be much more convenient for Garza to pursue his claims in the Brownsville Division where they belong. There is no legitimate reason for his claim to proceed here. Garza is located in the Brownsville area; he challenges the conditions at PIDC, located in the Brownsville area; any and all witnesses and documentary evidence are in the Brownsville area; and even Garza's McAllen-based lawyers are much closer to Brownsville than to this Court. These factors all outweigh any concern for judicial economy.

## Conclusion

Defendants respectfully request that this Court sever Garza from this action and transfer his case to the Brownsville Division of the Southern District of Texas.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: */s/ Ariel N. Wiley*
**Ariel N. Wiley**
Assistant United States Attorney
*Attorney-in-Charge*
Southern District No. 2554283
Texas Bar No. 24093366
**Annalisa L. Cravens**
Assistant United States Attorney
Southern District No. 2791281
Texas Bar No. 24092298
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel.: (713) 567-9000
Fax: (713) 718-3303
Email: Ariel.Wiley@usdoj.gov
Email: Annalisa.Cravens@usdoj.gov

*Counsel for Respondents/Defendants*

## Certificate of Conference

I certify that on April 23, 2020, I conferred with Mr. Garcia, counsel for Plaintiff Raul Garza Marroquin. Plaintiff opposes the relief sought in this motion.

*/s/ Annalisa L. Cravens*
Annalisa L. Cravens
Assistant United States Attorney

## Certificate of Service

I certify that on April 23, 2020, this document was filed by CM/ECF, which will serve a copy on all counsel registered.

*/s/ Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney