United States District Court
Southern District of Texas
**ENTERED**
May 13, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| RAUL GARZA MARROQUIN, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-54 |
| | § | |
| JOSE GARCIA LONGORIA, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Respondents' Motion to Sever and Transfer Raul Garza Marroquin's Petition to the Brownsville Division (Dkt. No. 13). Having carefully considered the parties' arguments and applicable law, Respondents' motion is **GRANTED**.

Petitioners are three immigration detainees held at three different detention centers. Rafael Olvera Amezcua and Giorge Gonzalez are held at the Webb County and Rio Grande Detention Centers, respectively, which are both located within the Laredo Division. Raul Garza Marroquin is detained at the Port Isabel Detention Center, which is located within the Brownsville Division.

On April 15, 2020, Petitioners filed this action under 28 U.S.C. § 2241 and the Rehabilitation Act of 1973. They allege that they are particularly vulnerable to COVID-19 partly due to the conditions in their respective detention centers (Dkt. No. 1). On April 23, 2020, Respondents filed the instant motion to sever and transfer

Garza's claims to the Brownsville Division where he is incarcerated (Dkt. No. 13). Petitioners have filed a response (Dkt. No. 21).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Rule 21 of the Federal Rules of Civil Procedure also affords district courts broad discretion to sever claims that are better resolved separately. *Blum v. Gen. Elec. Co.*, 547 F. Supp.2d 717, 722 (W.D. Tex. 2008). In fact, "where claims are more properly tried in another forum, severance is the judicial tool of choice." *Delce v. Amtrack*, 180 F.R.D. 316, 320 (E.D. Tex. 1998) (citing cases). In evaluating a combined motion to sever and transfer part of an action, courts weigh the "relative merits of convenience versus judicial economy." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014).

Although Garza chose to file in this Court, his case lacks any connection to the Laredo Division. The parties, evidence, and witnesses, including Garza himself, are in the Brownsville Division. Thus, the convenience factor—including such concerns as "the relative ease of access to sources of proof," "the cost of attendance for willing witnesses," and "all other practical problems that make trial of a case easy, expeditious and inexpensive"—militates strongly in favor of transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). Conversely, Garza filed his petition less than a month ago, and the Court has not held hearings or authorized discovery. Thus, a transfer would not significantly affect judicial economy. *See id.* at 289 ("[G]arden-

variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").

The importance of having "localized interests decided at home" and the venue concerns involved in bringing a habeas petition in the jurisdiction where the petitioner is held also counsel in favor of transfer. *See id.* at 288; *United States v. Thomas*, CRIM. C-06-259, 2009 WL 5088766, at *1 (S.D. Tex. Dec. 21, 2009) (transferring § 2241 petition from Corpus Christi Division to Laredo Division where petitioner was incarcerated). And although Garza relies on the "deference properly afforded to [the petitioner's] choice of forum" (Dkt. No. 21 at 11), such deference is somewhat "less for intra-district transfers." *In re Radmax, Ltd.*, 720 F.3d at 289 (cleaned up); *see, e.g., Gonzalez v. Taylor*, 695 F. App'x 731 (5th Cir. 2017) (upholding *sua sponte* severance and transfer because defendant lived in transferee division and underlying incident occurred there).

For the foregoing reasons, Respondents' motion (Dkt. No. 13) is **GRANTED**. Petitioner Raul Garza Marroquin's case only is **TRANSFERRED** to the Brownsville Division of the Southern District of Texas. Petitioners Amezcua and Gonzalez's claims remain pending in this Court.

It is so **ORDERED.**

**SIGNED** May 12, 2020.

_____
Marina Garcia Marmolejo
United States District Judge

3