United States District Court
Southern District of Texas

**ENTERED**

March 29, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

RAUL GARZA MARROQUIN, *et al,*       §
                                      §
          Petitioners,                §
VS.                                   §     CIVIL ACTION NO. 5:20-CV-54
                                      §
JOSE GARCIA LONGORIA JR., *et al,*  §
                                      §
          Respondents.                §
                                      §

## MEMORANDUM AND ORDER

Petitioner-Plaintiff Olvera Amezcua ("Plaintiff"), an asylum seeker in civil immigration detention, seeks a writ of habeas corpus, alleging that the conditions of his detention expose him to an impermissibly high risk of contracting COVID-19, he is uniquely vulnerable to COVID-19's effects, and Defendants violate his rights under the Fifth Amendment of the U.S. Constitution by continuing to detain him in these conditions (Dkt. No. 1). Plaintiff also brings a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794 (*id.*). Plaintiff seeks a declaration and injunction to redress the allegedly unlawful civil detention and to ameliorate all conditions that preclude Plaintiff from taking the precautions necessary to prevent his contracting COVID-19 including, if necessary, an order requiring his immediate release from detention (*id.*). Defendant opposes the petition and moves to dismiss the action, arguing that Plaintiff (1) cannot invoke habeas to challenge the conditions of his confinement, (2) cannot bring a direct constitutional claim here, and (3) does not state a claim under the Rehabilitation Act. After reviewing the petition, the motion, the record, and the

O

applicable law, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims

(Dkt. No. 14).

Rule 12(b)(6) allows for dismissal if a plaintiff fails to state a claim upon which

relief can be granted. To survive a Rule 12(b)(6) challenge, a complaint must contain

"enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the

plaintiff pleads factual content that "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true, but labels and

conclusions, formulaic recitations of the elements of a cause of action, or naked

assertions devoid of factual enhancement are insufficient. *Twombly*, 550 U.S. at 555.

First, Plaintiff seeks a writ of habeas corpus, alleging the conditions of his

confinement violate his rights under the Fifth Amendment of the U.S. Constitution.

However, as the Fifth Circuit recently confirmed in *Rice v. Gonzalez*, 985 F.3d 1069

(5th Cir. 2021), the writ of habeas corpus "is not available to review questions

unrelated to the cause of detention. Its sole function is to grant relief from unlawful

imprisonment or custody and it cannot be used properly for any other purpose." *Id.*

(quoting *Pierre v. United States*, 525 F.3d 933, 935–36 (5th Cir. 1976)) (citing *Preiser*

*v. Rodriguez*, 411 U.S. 475, 500 (1973)). Here, as in *Rice*, the allegations that Plaintiff

"might more likely be exposed to COVID-19 during confinement, and that he may

have certain common underlying health conditions, taken together do not impugn the

underlying legal basis for the fact or duration of his confinement." 985 F.3d at 1070.

O

Accordingly, the Court has no power to grant the writ here and the petition must be dismissed.

Second, Plaintiff requests in the alternative that the Court grant declaratory and injunctive relief to compel Defendants to provide safe conditions as "a remedy to [Defendants'] violation of the Fifth Amendment and to prevent serious, imminent, irreparable physical injury to [Plaintiff]" (Dkt. No. 1 at 34). Defendants argue that this amounts to a previously unrecognized cause of action arising directly from the Constitution and should be dismissed (Dkt. No. 14 at 13–14). Defendants also argue that, even if the Court recognized a cause of action here, Plaintiff fails to sufficiently allege a Fifth Amendment claim (*id.* at 14–18).

"[T]he federal courts, and [the Fifth Circuit] in particular, have been hesitant to find causes of action arising directly from the Constitution." *Hearth, Inc. v. Department of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980). The few exceptions to this rule, the *Hearth* court explained, "were necessitated primarily by the absence of alternative remedies." *Id.* (referencing the exceptions created in *Davis v. Passman*, 422 U.S. 228 (1979) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). "In each case, there simply was no other means of seeking redress for flagrant violations of the plaintiff's constitutional rights." *Hearth, Inc.*, 617 F.2d at 382. And although these exception cases concerned the extension of an implied cause of action in suits for damages, the Fifth Circuit has also declined to recognize direct causes of action where the plaintiff seeks only prospective injunctive

3

O

relief against federal officers. *See Alexander v. Trump*, 753 F. App'x 201, 205–06 (5th Cir. 2018) (dismissing claims for injunctive relief against FBI Director).

Here, "alternative remedies" are available; Plaintiff could bring an action challenging his conditions of confinement under the Administrative Procedures Act ("APA") after filing a complaint with Defendants. *See Umarbaev v. Moore*, No. 3:20-CV-1279-B-BN (N.D. Tex. June 6, 2020) (declining to recognize a direct cause of action under Fifth Amendment for detainee's conditions of confinement claim because such claims may be brought under APA). "Generally, a lawsuit against an officer of the United States in his official capacity is considered a lawsuit against the United States," and the United States, as a sovereign is generally immune from suit unless it has waived its immunity. *Alexander*, 753 F. App'x at 205 (citing *Danos v. Jonez*, 652 F.3d 577, 581 (5th Cir. 2011)). While Section 702 of the APA waives the Government's sovereign immunity in certain circumstances, "judicial review under the APA is unavailable when other statutes 'preclude judicial review' or when 'agency action is committed to agency discretion by law." *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 667 (citing 5 U.S.C. § 701(a); *Texas v. United States*, 787 F.3d 733, 755 (5th Cir. 2015)) (finding that both limitations applied to a claim seeking review under the APA of an ICE parole determination).

However, these limitations do not apply where, as here, plaintiff seeks to challenge conditions of his confinement. *See Royer v. Fed. Bureau of Prisons*, 933 F. Supp. 2d 170, 181 (D.D.C. 2013) (finding  that although "Congress has precluded review of BOP 'determination[s], decision[s], or order[s]' as to a prisoner's place of

O

imprisonment . . . Congress has not explicitly precluded review of constitutional claims based on these or similar decisions."). As such, the Court declines to create a new cause of action arising directly from the Fifth Amendment for purposes of challenging an immigration detainee's conditions of confinement.

Third, and finally, Plaintiff argues his detention violates Section 504 of the Rehabilitation Act (Dkt. No. 1 at 34–36), which forbids discrimination against disabled persons in federally assisted programs. But, as Defendants argue in their Motion to Dismiss, courts have precluded federal detainees from bringing Rehabilitation Act claims against those agencies housing them. *See, e.g.*, *Acha v. Wolf*, 2021 WL 537101, at \*7 (W.D. La. Jan. 28, 2021); *Roark v. Flanery*, No. 5:12-CV-60, 2014 WL 4447451, at \*27 (E.D. Tex. Sept. 9, 2014) ("[T]he Bureau of Prisons does not fit within the definition of 'programs or activities' governed by § 794(a)."); *Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo. 1999) (holding that an immigration detainee could not bring a Rehabilitation Act claim against Immigration and Naturalization Services, ICE's predecessor).

In any event, Plaintiff has not established he is entitled to relief. To establish a prima facie case under the Rehabilitation Act, a plaintiff must show that "(1) [he] is an individual with a disability under the Rehabilitation act; (2) [he] is otherwise qualified for participation in the program; (3) that [he] is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance." *Toure v. Huron*, 20201

O

WL 75698, at *5 (W.D. Tex. Jan.8, 2021) (quoting *Spann ex rel. Hopkins v. Work of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 764 (S.D. Miss. 2008)). Here, even assuming that the removal process is a program under the Rehabilitation Act, Plaintiff has not sufficiently demonstrated he is being treated differently *because* of his alleged disability. Accordingly, Plaintiff's claim, if any, under the Rehabilitation Act fails.

The Court **DISMISSES** the petition for a writ of habeas corpus (Dkt. No. 1) and **GRANTS** the motion to dismiss Plaintiff's other claims (Dkt. No. 14). All remaining motions in this matter are hereby **DENIED** as **MOOT**.

It is so **ORDERED**.

**SIGNED** March 29, 2021.

Marina Garcia Marmolejo
United States District Judge

6